BENDIX HOME APPLIANCES, Inc. v.
BASSETT et al.

Civ. 25.

United States District Court
N. D. Indiana, South Bend Division.
Feb. 2, 1951.

Charles M. Thomas, Washington, D. C., Maurice W. Green, South Bend, Ind., Timothy P. Galvin, Hammond, Ind., for the plaintiff.

Zabel and Gritzbaugh, Chicago, Ill., Max W. Zabel, Foster York, Robert W. Murphy, Glenn M. Coulter, Edmund D. Adcock, Edward C. Gritzbaugh, Carroll G. Stallings, Chicago, Ill., Bomberger, Morthland & Royce, Charles G. Bomberger, Hammond, Ind., for the defendants.

SWYGERT, District Judge.

A permanent injunction was issued against the Borg-Warner Corporation (hereafter called defendant) on June 24, 1942. This injunction was based on a judgment and decree and findings of fact and conclusions of law dated December 24, 1941. On April 5, 1949, the plaintiff filed a petition for supplemental injunction against the defendant and asked for an order revoking in part the license held by the defendant from the Chamberlin Bassett Research Corporation. After answering the petition, the defendant has moved for summary judgment on the grounds of *res judicata* and of no cause of action.

The plaintiff in its petition asks that the defendant be restrained and enjoined by supplemental injunction from retaining and operating under license certain patents involved in this litigation in the manufacture, use and sale of washing machines of the type designed to wash eighteen pounds or less of dry material in one loading, and particularly as to the "Norge Automatic Washer." described in the petition.

It is conceded that this washer has a cylinder of volumetric content greater than 4.06 cubic feet. Under the judgment and decree it was determined that a laundry machine of the type at that time involved, designed to wash or handle eighteen pounds of dry material at one loading is, in fact, a laundry machine having a cylinder, basket or container with an internal volume of 4.06 cubic feet. But the plaintiff claims that the accused machine is designed, constructed and adapted by the inclusion of an automatic finger-actuated, quickly adjustable and preselective water-level control mechanism to wash low and medium loads substantially less than eighteen pounds at one loading; that by the prior adjudication it is vested with the exclusive right under the patents and patent applications in issue to make, use and sell washing machines *designed* to wash eighteen or less pounds of dry material at one loading and that the defendant through the inclusion of the water-level control mechanism in its Washer, is manufacturing and selling a laundry machine which infringes upon these exclusive rights.

The defendant admits that it is manufacturing and selling the Norge Automatic Washer, which has a finger-manipulated, quickly adjustable water-level control mechanism. This mechanism is substantially and basically different from the water-level control mechanism that was an integral part of the washing machines in evidence at the trial, in that the Norge water-level control mechanism is constructed and adapted so as to bring the water into the container or drum to preselected and variable levels by operating a finger-manipulated control device. The Norge machine is thus constructed so as to be capable of washing loads up to slightly in excess of eighteen pounds and of consuming only the amount of water and soap that is required to wash the material actually constituting the load. It is this water-level control mechanism which permits the machine to operate economically and efficiently with loads of dry material which may vary from three pounds to the full capacity of the machine.

It is the defendant's position that the plaintiff's exclusive rights, as adjudicated, are limited to the manufacture of washing machines which have an internal volume of 4.06 cubic feet or less. Stated differently,

the defendant's contention is that the terms of the injunction only require that its machine have a cylinder of a volume in excess of 4.06 cubic feet, and have other parts capable of operating the machine with a weight load in excess of eighteen pounds of dry material. Since the accused machine meets these requirements, the defendant contends that the matters in issue are *res judicata.*

The judgment and decree, *inter alia,* declared the respective rights of the plaintiff and defendant to manufacture, use and sell laundry machines under the patents and patent applications constituting the subject matter of the series of contracts and licenses enumerated in paragraph III thereof. It was adjudged that the plaintiff "has, among other things, the exclusive right to manufacture, use and sell laundry machines, the cylinders, baskets or containers of which have an internal volume of 4.06 cubic feet or less, without regard to the use for which such machines are manufactured." Further, it was adjudged that the defendant has the right "to manufacture and sell laundry or washing machines * * *. designed to handle more than eighteen pounds of dry material in one loading per machine, and with a drum, basket or container having a cubical content larger than 4.06 cubic feet, to so-called domestic users * * *," such right and license being "non-exclusive in character insofar as it concerns the patents owned outright by the plaintiff, but otherwise exclusive * * *."

In another paragraph of the judgment it was determined that "the size of * * (the) cylinder, basket, or container determines the number of pounds of dry material which the machine is designed to wash or handle in one loading, the other parts being suitable to operate the cylinder, basket, or container, according to its cubic content," and that "a laundry machine of this type, designed to wash or handle eighteen pounds of dry material in one loading, is, in fact, a laundry machine having a cylinder, basket, or container with an internal volume of 4.06 cubic feet."

The judgment and decree, upon which the issue now before the court depends, must be interpreted in the light of the findings of fact and conclusions of law upon which it was based. When that is done it becomes apparent that implicit in the judgment and decree is a determination that the plaintiff has the exclusive right under the involved patents and patent applications and by virtue of the contracts and license agreements enumerated in the judgment and decree to manufacture, use and sell washing machines designed to wash eighteen or less pounds of dry material in one loading.

One of the principal issues before the court in the prior litigation was the size of the cylinder with reference to the line of demarcation between a machine designed to handle eighteen or less pounds of dry material and a machine designed to handle an excess of eighteen pounds in one loading. In determining that a machine designed to handle eighteen or less pounds of dry material was a machine that had a cylinder of a content of 4.06 cubic feet or less, the court did not, however, undertake to rewrite the definition adopted by the parties in their contracts and license agreements by the substitution of the volumetric content of the container as the basis for the division of the respective spheres of the plaintiff and the defendant's licensor. In other words, the question of size is one but not the sole criterion to determine whether a machine is designed to handle more or less than eighteen pounds of dry material in one loading. Even though its cylinder has a volumetric content in excess of 4.06 cubic feet, the accused machine comes within the plaintiff's exclusive field if it is otherwise designed to handle eighteen or less pounds of dry material at one loading, i. e. constructed in such a manner as to wash loads within the eighteen pound limit with competitive economy and efficiency. Such a determination is not equivalent to a holding that the defendant's machine must be designed so as to be incapable of washing weight loads of dry material of less than eighteen pounds. A machine that is designed to handle weight loads in excess of eighteen pounds of dry material may well be capable of handling weight loads of less than eighteen pounds

412

without being *designed* to handle a lesser weight load.

When the Norge Washer and its accompanying advertising and instruction literature are analyzed in the light of the foregoing determination the conclusion is inescapable that it is designed primarily to wash weight loads of dry material of less than eighteen pounds. True, it is also designed to wash weight loads a few ounces in excess of the eighteen pound limit. But the water-level control mechanism and the accompanying literature indicate conclusively that the machine is *also* designed to wash weight loads of a lesser amount. While the cylinder meets the injunctive limits, the water level control mechanism permits the machine to be converted in practical effect into a machine having a cylinder of less content than 4.06 cubic feet.

Accordingly, it is concluded that the accused machine by reason of the water-level control mechanism invades those rights which have previously been adjudged to belong exclusively to the plaintiff.

This determination in no way involves the character of the use of the Norge Washer as it relates to plaintiff's rights. In defining the line of demarcation between the plaintiff's rights under the pertinent contracts and license agreements and the rights retained by Bassett, Chamberlin and Chamberlin Bassett Research Corporation, it was decided that the character of use of the machine was an immaterial factor. Likewise, since the plaintiff was not a party to the defendant's license with the Chamberlin Bassett Research Corporation, which restricts the defendant to the manufacture, use and sale of machines "especially adapted and designed for and used only * * * in residences, households, homes or apartments * * *," that license cannot restrict or nullify the exclusiveness of plaintiff's rights.

The defendant's motion for summary judgment is denied. The court finds, as the parties have conceded, that there is no genuine issue as to any material fact. The court further finds that the plaintiff is entitled to the relief sought as a matter of law.